# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MARIAN COAD,**

        Plaintiff,

v.                                              Case No: 6:16-cv-1371-Orl-DCI

**COMMISSIONER OF SOCIAL SECURITY,**

        Defendant.

## MEMORANDUM OF DECISION

Marian Coad (Claimant) appeals to the District Court from a final decision of the Commissioner of Social Security denying her application for disability insurance benefits. Doc. 1; R. 1-4, 162-65. Claimant argued that the Administrative Law Judge (the ALJ) erred by: 1) failing to apply the correct legal standards to the opinion of Bryan H. Heath, M.D.; and 2) failing to apply the correct legal standards to the opinion of Michael D. Kohen, M.D. Doc. 16 at 16-19, 22-25. For the reasons set forth below, the Commissioner's final decision is **AFFIRMED**.

### I. THE ALJ'S DECISION

In October 2012, Claimant filed an application for disability insurance benefits. R. 162-65. Claimant alleged a disability onset date of March 25, 2008. R. 13, 162. Claimant's date last insured was December 31, 2013. R. 15.

The ALJ issued her decision on February 27, 2015. R. 13-22. In her decision, the ALJ found that Claimant had the following severe impairments: disorders of the spine, hypertension, diabetes mellitus, obesity, history of fibromyalgia, HLA-B27, and right ankle tendinosis/tenosynovitis. R. 15. The ALJ also found that Claimant had the following non-severe

impairments: irritable bowel syndrome, history of left ankle surgery, affective disorder, and anxiety related disorders. *Id*.

The ALJ found that Claimant had a residual functional capacity (RFC) to perform less than a full range of light work as defined by 20 C.F.R. § 404.1567(b).[1] R. 17. Specifically, the ALJ found as follows:

> [T]hrough the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except with no more than frequent climbing of ramps and stairs, stooping, kneeling, crouching, and crawling; no more than occasional climbing of ladders, ropes and scaffolds; and no concentrated exposure to vibration or hazards (machinery, heights, etc.).

R. 17. The ALJ posed a hypothetical question to the vocational expert (VE) that was consistent with the foregoing RFC determination, and the VE testified that Claimant was capable of performing jobs in the national economy. R. 45-46. The ALJ thus found that Claimant was capable of performing jobs that existed in significant numbers in the national economy. R. 21-22. Therefore, the ALJ found that Claimant was not disabled between the alleged onset date and the date last insured. R. 22.

## II. STANDARD OF REVIEW

"In Social Security appeals, [the court] must determine whether the Commissioner's decision is 'supported by substantial evidence and based on proper legal standards.'" *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations omitted). The

---

[1] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 404.1567(b).

Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

### III. ANALYSIS

At step four of the sequential evaluation process, the ALJ assesses the claimant's residual functional capacity (RFC) and ability to perform past relevant work. *Phillips*, 357 F.3d at 1238. "The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). The ALJ is responsible for determining the claimant's RFC. 20 C.F.R. § 404.1546(c). In doing so, the ALJ must consider all relevant evidence, including, but not limited to, the medical opinions of treating, examining, and non-examining medical sources. 20

C.F.R. § 404.1545(a)(1), (3); *Rosario v. Comm'r of Soc. Sec.*, 877 F. Supp. 2d 1254, 1265 (M.D. Fla. 2012).

The weighing of treating, examining, and non-examining physicians' opinions is an integral part of steps four and five of the sequential evaluation process. In *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011), the Eleventh Circuit stated that "'Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of [the claimant's] impairment(s), including [the claimant's] symptoms, diagnosis and prognosis, what [the claimant] can still do despite impairment(s), and [the claimant's] physical or mental restrictions.'" *Id*. at 1178-79 (quoting 20 C.F.R. § 404.1527(a)(2)) (alterations in original). "[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Id* at 1179 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)). "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence." *Id*. (quoting *Cowart v. Schwieker*, 662 F.2d 731, 735 (11th Cir. 1981)).

The ALJ must consider a number of factors in determining how much weight to give each medical opinion, including: 1) whether the physician has examined the claimant; 2) the length, nature, and extent of the physician's relationship with the claimant; 3) the medical evidence and explanation supporting the physician's opinion; 4) how consistent the physician's opinion is with the record as a whole; and 5) the physician's specialization. 20 C.F.R. § 404.1527(c). A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary. *Winschel*, 631 F.3d at 1179; *see also* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial

evidence). "Good cause exists when the: (1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Winschel*, 631 F.3d at 1179 (quotation marks omitted).

### A. Opinion of Bryan H. Heath, M.D.

Claimant argued that the ALJ failed to weigh Dr. Heath's purported opinion that Claimant's "condition is most consistent with a diagnosis of Irritable Bowel Syndrome for which she is on medical therapy." Doc. 16 at 16-19; R. 775. But this is not an opinion that the ALJ must weigh because it is not a statement reflecting Dr. Heath's judgment about the nature and severity of Claimant's impairment. *See* 20 C.F.R. § 404.1527(a)(2); *Tavarez v. Comm'r of Soc. Sec.*, 638 Fed. Appx. 814, 846 (11th Cir. 2016) ("Medical opinions are statements from physicians . . . that reflect judgments about the nature and severity of the claimant's impairment."); *Winschel*, 631 F.3d at 1178-79. Rather, this statement simply diagnoses Claimant with Irritable Bowel Syndrome (IBS). In this statement, Dr. Heath does not offer any opinions regarding what Claimant can still do despite her IBS, and does not identify any specific physical or mental restrictions caused by her IBS.

Even assuming that Dr. Heath's statement was an opinion that needed to be explicitly weighed, Claimant's argument is without merit. The ALJ specifically found that Claimant suffered from IBS.[2] R. 15. This finding was consistent with Dr. Heath's purported opinion.[3] *Id*. Further,

---

[2] The ALJ also noted that Claimant testified to experiencing diarrhea, and that Dr. Heath stated that Claimant's condition was most consistent with IBS. R. 17, 20.

[3] Claimant appears to have argued that the ALJ implicitly rejected Dr. Heath's statement by finding that Claimant's IBS was not a severe impairment. Doc. 16 at 17-18. But Dr. Heath did not comment on the severity of Claimant's IBS. R. 775. Dr. Heath only commented on the fact that Claimant's condition was most consistent with a diagnosis of IBS. *Id*.

Claimant offered no argument to suggest that Dr. Heath's so-called opinion directly contradicted the ALJ's RFC determination, and the Court does not find that it did so. Accordingly, the ALJ's failure to explicitly weigh Dr. Heath's statement was harmless error. *See, e.g.*, *Wright v. Barnhart*, 153 F. App'x 678, 684 (11th Cir. 2005) (per curiam) (failure to weigh a medical opinion is harmless error if the opinion does not directly contradict the ALJ's RFC determination); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (per curiam) (similar).

Claimant also argued that the ALJ erred by failing "to provide any reasons as to why she found [Claimant's] testimony regarding her incontinence and diarrhea not credible," and erred by "failing to account for [Claimant's] need to have ready access to a bathroom and take unscheduled breaks in the residual functional capacity assessment and hypothetical questions to the vocations expert." However, Claimant raised these issues in a perfunctory manner, and failed to offer any arguments in support of her position.[4] Accordingly, the Court finds that Claimant waived these issues. *See, e.g.*, *Jacobus v. Comm'r of Soc. Sec.*, No. 15-14609, 2016 WL 6080607, at *3 n.2 (11th Cir. Oct. 18, 2016) (stating that claimant's perfunctory argument was arguably abandoned); *Gombash v. Comm'r of Soc. Sec.*, 566 Fed. App'x. 857, 858 n.1 (11th Cir. 2014) (stating that the issue was not properly presented on appeal where claimant provided no supporting argument); *NLRB v. McClain of Ga., Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998) ("Issues raised in a perfunctory manner, without supporting arguments and citation to authorities, are generally deemed to be waived."); *Gaskey v. Colvin*, No. 4:12-CV-3833-AKK, 2014 WL 4809410, at *7 (N.D. Ala. Sept. 26, 2014) (refusing to consider claimant's argument when claimant failed to explain how the evidence undermined the ALJ's decision) (citing *Singh v. U.S. Atty. Gen*, 561 F.3d

---

[4] Claimant argued, without support, that diarrhea and incontinence was "obviously" more than a minimal limitation and would require ready access to a bathroom and unscheduled breaks. Doc. 16 at 19.

1275, 1278 (11th Cir. 2009) ("[A]n appellant's simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue and precludes our considering the issue on appeal.")).

Regardless, upon review of the record, the Court finds that the ALJ clearly articulated her credibility finding, and that her credibility finding was supported by substantial evidence. *See Foote*, 67 F.3d at 1562 ("A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court."). Further, substantial evidence supported the ALJ's decision not to include in the RFC determination Claimant's purported need to have ready access to a bathroom and take unscheduled breaks.

For the foregoing reasons, the Court rejects Claimant's first assignment of error.

**B. Opinion of Michael D. Kohen, M.D.**

On January 8, 2013, Dr. Kohen opined that Claimant suffered from significant physical limitations. R. 433-35. These physical limitations, if accepted as true, would have contradicted the ALJ's RFC determination. R. 17, 433-35. But the ALJ did not accept these physical limitations as true:

> No significant weight is given to this opinion as it is not supported by Dr. Kohen's treatment records reflecting essentially normal findings, other than subjective complaints of pain and tenderness, and is far in excess of the objective medical findings. The claimant essentially had the same symptoms of tenderness back in 1981, but was able to work at SGA levels and care for a 14-month old child.

R. 19.

Claimant addressed the two sentences compromising the above-quoted language from the ALJ as two, separate reasons for rejecting Dr. Kohen's opinions, and argued that the first reason given by the ALJ for rejecting Dr. Kohen's opinion was conclusory because the ALJ purportedly failed to cite to any evidence when rejecting Dr. Kohen's opinion. Doc. 16 at 24-25. Claimant

further argued that Dr. Kohen conducted physical examinations that revealed findings that supported his opinion, and that the ALJ's first reason for rejecting Dr. Kohen's opinion was not supported by substantial evidence. *Id*. Claimant then argued that the ALJ's "second" reason for rejecting the Dr. Kohen's opinion – the statement contained within the second sentence of the quoted language – was not supported by substantial evidence. Doc. 16 at 25. Claimant further argued that the ALJ improperly relied on medical records from 1981 to reject Dr. Kohen's opinion. *Id*. Claimant did not cite to any law or provide any argument in support of her position that the ALJ improperly relied on medical records from 1981. *Id*.

Upon review, the Court finds that substantial evidence supported the ALJ's reasons for rejecting Dr. Kohen's opinion. As an initial matter, the undersigned interprets the quoted language (R. 19, and *supra*), comprised of two sentences, as one cohesive statement concerning the ALJ's reasons for rejecting Dr. Kohen's opinion; not, as Claimant asserts, as two, separate bases for rejection that can be attacked independently on review. To the contrary, a plain reading of the ALJ's statement, in context, leads to the natural conclusion that the first sentence is an overarching statement of rejection and the reasons therefor, and the second sentence is simply a specific example of what is set forth in the first sentence.

Regardless, the ALJ provided specific reasons for why she found that Dr. Kohen's opinion was inconsistent with his treatment records – that Dr. Kohen's treatment records reflected essentially normal findings other than subjective complaints of pain and tenderness, and that Dr. Kohen's opinion was far in excess of the objective medical findings. R. 19. Contrary to Claimant's argument that the ALJ failed to cite to any evidence in support, the ALJ noted in her decision that treatment notes from Dr. Kohen revealed "full 5/5 muscle strength throughout," and that Claimant

exhibited normal gait, station, and muscle tone.[5]  R. 18.  The ALJ also noted that an October 11, 2013 office note from Dr. Kohen revealed that taking Enbrel had improved Claimant's condition until Claimant "trimmed her outdoor bushes with a clipper then carried a heavy beach bag onto an airplane and hit her elbow while traveling."  R. 20, 660.  In addition, the ALJ noted a large amount of objective medical evidence supporting her position that Dr. Kohen's opinion was far in excess of the objective medical findings.[6]  R. 18-20.  And upon independent review of the record, the Court finds substantial evidence supporting the ALJ's first reason for rejecting Dr. Kohen's opinion.[7]  R. 273, 275, 278, 381-86, 401-07, 415-26, 438-48, 454-56, 461-65, 473, 495, 498, 502-06, 519-21, 537-44, 595-96, 633.

Further, as to the second sentence in the ALJ's statement rejecting Dr. Kohen's opinions, Claimant's medical records from 1981 indicated that she was suffering from some similar medical

---

[5] The Court notes that some of Dr. Kohen's records during the relevant time period revealed that Claimant had a limp; however, the majority of Dr. Kohen's records revealed normal gait and station.  R. 416, 420, 421, 423, 455, 520, 539, 543, 588, 661.

[6] The ALJ noted that various doctors' medical records revealed normal gait and station without assistive devices; adequate sensation, muscle strength, and tone; normal mood and affect; mild degenerative changes in upper lumbar spine; mild scoliosis; mild bulging discs that were noted to be common and non-severe; no clinical instability in the left ankle; no major pathology on MRI or X-ray; full range of motion in the right ankle; normal x-ray of Claimant's right ankle, that Claimant's biggest problem appeared to be deconditioning; and that physical therapy and strengthening exercises helped Claimant's back discomfort.  R. 18-20.

[7] The Court notes that it interprets the ALJ's statement – that Dr. Kohen's opinion was far in excess of the objective medical evidence – to refer to all of the objective medical evidence, not just the objective medical evidence contained within Dr. Kohen's records.  Regardless, even assuming that the ALJ's statement referred only to the objective medical evidence contained within Dr. Kohen's records, the Court finds that there is substantial evidence supporting the ALJ's statement, as the objective medical evidence contained within Dr. Kohen's records generally revealed essentially normal objective medical findings other than some apparently minor issues, such as decreased inversion, eversion, and flexion in the left lower extremity.  R. 415-26, 454-56, 519-21, 538-44.

conditions prior to her alleged onset date, yet was able to work.[8] R. 756-73. The Court finds that the ALJ's statement concerning the 1981 records is simply an example of a specific reason for rejecting Dr. Kohen's opinion, and does lend some support to the ALJ's overarching statement.[9] Regardless, the ALJ's statement in the first sentence rejecting Dr. Kohen's opinion was sufficient good cause on its own, even if the Court were to find that the ALJ's statement in the second sentence was somehow insufficient or inappropriate as a basis to reject Dr. Kohen's opinions.

For the foregoing reasons, the Court rejects Claimant's second assignment of error.

### IV.  CONCLUSION

For the reasons stated above, it is **ORDERED** that the Court:

1. The final decision of the Commissioner is **AFFIRMED**.

2. The Clerk is directed to enter judgment in favor of the Commissioner and close the case.

---

[8] Claimant's medical records from 1981 indicated that she had constant low back and right hip pain that was tender to the touch, and that there were days where she could not turn. R. 763. The medical records from 1981 further indicated that Claimant was positive for HLA-B27, that she had ankylosing spondylitis, and that Claimant may have had an underlying variant of rheumatoid type arthritis. R. 763, 769.

[9] As the Court previously noted, Claimant failed to offer any law or argument in support of her position that it was improper for the ALJ to consider Claimant's medical records from 1981, and has thus waived this argument. *See, e.g.*, *Jacobus*, 2016 WL 6080607, at *3 n.2 (stating that claimant's perfunctory argument was arguably abandoned); *Gombash*, 566 Fed. App'x. at 858 n.1 (stating that the issue was not properly presented on appeal where claimant provided no supporting argument). Regardless, even assuming that Claimant had not waived this argument, the Court does not find that it was improper for the ALJ to mention these records.

**DONE AND ORDERED** in Orlando, Florida on June 8, 2017.

DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

The Court Requests that the Clerk
Mail or Deliver Copies of this order to:

The Honorable Kelley Fitzgerald
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Office
Desoto Bldg., Suite 400
8880 Freedom Crossing Trail
Jacksonville, Florida 32256-1224